UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYSON FORSCHT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2659 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion for judgment on the pleadings and a motion for summary judgment filed by defendant Select Portfolio Servicing, Inc. ("SPS"). Dkt. 12. Forscht responded. Dkt. 13. SPS replied. Dkt. 14. Having considered the complaint, the motion, the response, the reply, and the applicable law, the court is of the opinion that the motion for judgment on the pleadings should be GRANTED.[1]

**I. BACKGROUND**

This is a foreclosure case. Plaintiff Jayson Forscht ("Forscht") sued SPS to delay a foreclosure sale on his property located at 7407 Palisades Heights Court, Houston, Texas 77095 (the "property"). Dkt. 1, Ex. C-1. Forscht claims that because loan modification negotiations are ongoing, SPS's foreclosure attempt is improper. *Id.* at 1–3.

In May 2006, Forscht signed a promissory note in favor of the original lender in the principal amount of $158,400. Dkt. 12, Ex. 1-A. He also signed a deed of trust stating that a first lien secured the note's obligations. Dkt. 12, Ex. 1-B. In February 2012, Forscht executed a loan modification

---

[1] Because the court finds that judgment on the pleadings should be granted, the court finds that SPS's motion for summary judgment (Dkt. 12) should be DENIED as moot.

with another lender. Dkt. 12, Ex. 1-D. Forscht has been past due on the loan since July 1, 2012. Dkt. 12, Ex. 1 at 2. In October 2012, the deed of trust was assigned to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-RM1. Dkt. 12, Ex. 1-C. In May 2013, SPS became the mortgage servicer of Forscht's loan. Dkt. 12, Ex. 1-H. In May 2015, SPS sent Forscht a notice of default. Dkt. 12, Ex. 1-E.

In July 2017, Forscht sued SPS in state court for violating Regulation X of the Code of Federal Regulations, 12 C.F.R. § 1024, ("Regulation X") and the Real Estate Settlement Procedures Act of 1974 ("RESPA"). Dkt. 1, Ex. C-1; 12 C.F.R. § 1024; 12 U.S.C. 2605. Forscht also sued to quiet title. Dkt. 1, Ex. C-1. SPS removed. Dkt. 1. SPS moved for judgment on the pleadings and summary judgment. Dkt. 12.

## II. LEGAL STANDARD

Rule 12(c) allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same standards govern Rule 12(c) and Rule 12(b)(6) motions. *See Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007).

To survive a motion to dismiss or a motion for judgment on the pleadings, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

2

to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 677.

When considering a motion for judgment on the pleadings, a court must limit its inquiry to facts stated in the complaint and documents attached to or incorporated into the complaint. *Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012). Here, the court will consider Forscht's complaint and the attached affidavit. *See* Dkt. 1, Ex. C-1.

### III. ANALYSIS

Forscht contends that: (1) SPS is "dual-tracking," or attempting to foreclose while negotiating a loan modification, in violation of Regulation X and RESPA; and (2) SPS has clouded his title by claiming that it has a "lien for security purposes on [his] [p]roperty and that [SPS] has the power to foreclose on said [p]roperty." Dkt. 1, Ex. C-1 at 5. SPS argues that Forscht has not presented any evidence to support claims for a violation of Regulation X or for quiet title.[2] Dkt. 12 at 6–7.

#### A. Violation of Regulation X and RESPA

Forscht claims that SPS violated Regulation X and RESPA. Dkt. 1, Ex. C-1 at 1. Regulation X implements RESPA. 12 C.F.R. § 1024.41. RESPA protects mortgagors by imposing certain obligations on loan-servicing companies. *Williams v. Countrywide Home Loans, Inc.*, 504

---

[2]Because the court only reaches SPS's motion for judgment on the pleadings, the court does not consider the applicability of Regulation X given Forscht's 2012 loan modification. *See* Dkt. 12 at 6–7. Similarly, because Forscht did not state either a Regulation X claim or a quiet title claim, the court need not address damages. *See id.* at 8.

3

F. Supp. 2d 176, 191 (S.D. Tex. 2007) (Rosenthal, J.). Under RESPA, once a servicer receives a borrower's complete loss mitigation application, the former cannot foreclose before notifying the latter of its loss mitigation ineligibility. 12 C.F.R. § 1024.41(f)(2)(i).

Forscht claims that SPS engaged in dual tracking. Dkt. 1, Ex. C-1 at 1. "Dual tracking is the term given to situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Gresham v. Wells Fargo Bank, NA.*, 642 F. App'x 355, 359 (5th Cir. 2016). "Section 1024.41(g) prohibits dual tracking, and 1024.41(a) expressly provides for a private right of action in the event the lender violates the provision." *Id.* However, that section only applies if "a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale." 12 C.F.R. § 1024.41(c).

Without some factual allegations on when a plaintiff submitted a complete loss mitigation application, a Regulation X claim does not rise beyond a speculative level. *Guerrero v. Bank of Am. N.A.*, No. H-17-239, 2017 U.S. Dist. LEXIS 103844, at *13 (S.D. Tex. July 6, 2017) (Miller, J.) (*citing Obazee v. Bank of N.Y. Mellon*, No. 3:15-cv-1082-D, 2015 U.S. Dist. LEXIS 100642, at *3 (N.D. Tex. July 31, 2015)) (holding plaintiff's allegations insufficient when plaintiff merely alleged that he sent a complete application that remained pending).

Forscht alleges that SPS violated Regulation X because he is "working with [SPS] on a loan modification on his mortgage and [has] submitted a complete loss mitigation application." Dkt. 1, Ex. C-1 at 3; *see* 12 C.F.R. 1024.41. However, this conclusory allegation alone fails to satisfy Rule 8(a). Dkt. 1, Ex. C-1 at 1; *see* Fed. R. Civ. P. 8(a); *see also Iqbal*, 556 U.S. at 678 (finding that a plaintiff's complaint requires "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."). Accordingly, Forscht fails to allege a violation of Regulation X. *See* Fed. R. Civ. P. 8(a). Thus, the instant motion is GRANTED as to that claim.

## B. Quiet Title Claim

Forscht also claims that SPS has clouded his title. Dkt. 1, Ex. C-1 at 5. Specifically, he alleges that SPS claims it has a "lien for security purposes on [Forscht]'s [p]roperty and that [it] has the power to foreclose on said [p]roperty." *Id.* In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself . . . with sufficient certainty to enable the court to see he . . . has a right of ownership that will warrant judicial interference." *Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)). A suit to quiet title "relies on the invalidity of the defendant's claim to the property." *Sigaran v. U.S. Bank Nat'l Ass'n*, No. H-12-3588, 2013 WL 2368336, at *2 (S.D. Tex. May 29, 2013) (Rosenthal, J.), *aff'd* 560 F. App'x 410 (5th Cir. 2014) (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). To prevail, a plaintiff must show that: (1) he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.).

Here, SPS is the loan servicer, not the mortgagee. Dkt. 12, Ex. 1-H. U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-RM1, is the current mortgagee. *See* Dkt. 12, Ex. 1-C. That mortgagee is not named as a party in this action. *See* Dkt. 1, Ex. C-1. Accordingly, Forscht fails to plead facts establishing an invalid or unenforceable claim by a defendant on the property. *See* Dkt. 12 at 8.

Even if Forscht had sued the mortgagee, his contention that "[d]efendant has clouded [p]laintiff's title by claiming that [d]efendant has a lien for security purposes on [p]laintiff's Property" fails to allege that the mortgagee's lien is invalid or unenforceable. Dkt. 1, Ex. C-1 at 5. That is especially true given that real property records establish the mortgagee's status as a lien holder. *See* Dkt. 12, Ex. 1-A, 1-B, 1-C. Thus, Forscht's allegations would likewise be insufficient to establish a claim for quiet title. Therefore, the instant motion is GRANTED as to that claim.

## IV. CONCLUSION

For the reasons given, Defendant's motion for judgment on the pleadings is GRANTED and its motion for summary judgment is DENIED at moot. The court will issue a final judgment consistent with this order.

Signed at Houston, Texas on April 12, 2018.

_____
Gray H. Miller
United States District Judge